IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARLOS OSBALDO OLIVARES, JR., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Case No. 5:20-CV-00578 |
| MICHAEL POMPEO, Secretary, U.S. | § | |
| Department of State, in his official | § | Jury Trial Demanded |
| capacity, and the UNITED STATES | § | |
| DEPARTMENT OF STATE, | § | |
| | § | |
| *Defendants*. | § | |

## COMPLAINT FOR DECLARATORY RELIEF

Carlos Osbaldo Olivares, Jr. ("Mr. Olivares"), through undersigned counsel, files this action for declaratory relief under 5 U.S.C. § 701 et seq. (Administrative Procedures Act), 8 U.S.C. § 1503 (Denial of Rights and Privileges as United States National), 28 U.S.C. § 2201 (Declaratory Judgment Act), and the Fourteenth Amendment to the United States Constitution.

The Citizenship Clause of the Fourteenth Amendment confers United States citizenship on persons born within the United States. U.S. CONST. amend. XIV, § 2; *United States v. Wong Kim Ark*, 169 U.S. 649, 693 (1898) ("The Amendment, in clear words and in manifest intent, includes the children born, within the territory of the United States…"). Mr. Olivares maintains that he is a United States citizen by virtue of his birth in the United States. On May 10, 1983, Sylvia Barrera, a midwife, delivered Mr. Olivares in a private home in San Juan, Texas. The following day, an official from the registrar's office was called to the midwife's home to confirm the birth of Mr. Olivares. Although Mr. Olivares' father witnessed Plaintiff's birth, the father registered Mr. Olivares' birth in Mexico with an earlier birth date.

On October 30, 2007, Mr. Olivares applied for a United States passport and on March 19, 2008, the United States Department of State (DOS) issued Mr. Olivares a passport. Subsequently, on September 19, 2014, Defendants sent Mr. Olivares a letter informing him that his passport was revoked and that he needed to surrender it to the DOS. Eight months later, the Department of Homeland Security (DHS) initiated removal proceedings against Mr. Olivares. On January 13, 2020, an immigration judge terminated Mr. Olivares' removal proceedings in his favor and the DHS did not appeal.

Now that removal proceedings are terminated and pursuant to 5 U.S.C. § 701 *et seq.*, 8 U.S.C. § 1503, 28 U.S.C. § 2201, and the Fourteenth Amendment to the United States Constitution, Mr. Olivares brings this action requesting that this Court find that Defendants wrongfully revoked his United States passport and declare that he is a citizen and national of the United States.

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), as a civil action arising under the Constitution and laws of the United States. This Court also has jurisdiction under 8 U.S.C. § 1503(a) which authorizes suits by individuals denied rights or privileges as a national of the United States. Declaratory judgment is sought pursuant to 28 U.S.C. §§ 2201 and 2202. Sovereign immunity for the Fourteenth Amendment claim is waived by 5 U.S.C. § 702.

2. Venue is proper in the Western District of Texas because the Plaintiff resides in this district.

## PARTIES

3. Plaintiff Carlos Osbaldo Olivares, Jr. was born in San Juan, Texas and resides in San Antonio, Texas.

4. Defendant Michael Pompeo, named in his official capacity, is the duly appointed and confirmed Secretary of State of the United States. In this capacity, he is responsible for the granting, issuance, verification, and revocation of United States passports.

5. Defendant the United States Department of State is an agency of the United States government that is responsible for, among other things, "the administration and the enforcement of [the Immigration and Nationality Act] and all other immigration and nationality laws relating to ... the determination of nationality of a person not in the United States." 8 U.S.C. § 1104(a). The State Department has the authority to revoke passports issued to United States citizens. 8 U.S.C. § 1504(a).

## STATEMENT OF FACTS

6. Mr. Olivares is a thirty-five-year-old male born on May 10, 1984 in a private home in San Juan, Texas.

7. Mr. Olivares' mother is Laura Ednna Gonzalez, a Mexican citizen. On May 10, 1984, Ms. Gonzalez delivered Mr. Olivares in San Juan, Texas with the assistance of Sylvia Barrera, a midwife.

8. Ms. Gonzalez decided to give birth to Mr. Olivares with the assistance of a midwife because she had previously had an unpleasant experience when she gave birth to her daughter at a McAllen, Texas hospital. Specifically, she disliked the doctor's absence throughout her pregnancy and labor. Through the assistance of a midwife, Ms. Gonzalez expected to receive the personal attention and care that she missed in the birth of her first child.

9. Ms. Gonzalez paid Ms. Barrera approximately $480 dollars for her services. The birth was witnessed by Mr. Olivares' father and an official from the Hidalgo County Registrar's Office. On May 11, 1984, the birth was registered in the Hidalgo County Registrar's Office.

10. At the time of his birth, Mr. Olivares' family resided in Reynosa, Tamaulipas, Mexico. Mr. Olivares spent his childhood and the majority of his teenage years in Mexico. He attended school in Mexico from elementary to the beginning of high school.

11. In 2000, Mr. Olivares' family relocated to the United States and he enrolled at North High School in Edinburg, Texas.

12. After graduating from high school, Mr. Olivares applied for the position of Border Patrol agent with the DHS. During Mr. Olivares' application process, the DHS completed a background check and found no impediment to his employment. The DHS found Mr. Olivares to be a United States citizen, which is a requirement for the job, and offered him employment. Mr. Olivares completed his training and then was stationed at the Laredo West Border Patrol Station.

13. On October 30, 2007, Mr. Olivares applied for a United States passport. On March 19, 2008, Defendants approved Mr. Olivares' application and issued him a United States passport.

14. Mr. Olivares proudly worked as a Border Patrol agent for approximately three years.

15. On September 19, 2014, Defendants informed Mr. Olivares by letter that his passport was revoked. Defendants explained that their revocation decision was based on their investigation which revealed a Mexican birth certificate that predated his Texas birth certificate. Mr. Olivares, however, never received this letter as it was sent to a previous address where he no longer lived or received mail.

16. Unbeknownst to Mr. Olivares or his mother, Mr. Olivares' father filed a birth certificate in Mexico attesting to Plaintiff's birth even before he was born. The fraudulent birth certificate was filed on May 2, 1984 and stated that Mr. Olivares was born on April 18, 1984. Mr. Olivares' father forged Ms. Gonzalez's signature on the fraudulent birth certificate.

17. On May 12, 1984, Mr. Olivares' parents filed a birth certificate in Mexico stating that Mr. Olivares was born on May 10, 1984 in San Juan, Texas.

18. On June 3, 1984, Mr. Olivares was baptized in McAllen, Texas. The certificate of baptism states Mr. Olivares was born in San Juan, Texas on the 10th day of May 1984.

19. On May 9, 2015, Mr. Olivares was returning to the U.S. from a brief trip to Mexico where he and his family had gone to visit his grandmother. Mr. Olivares and his family arrived at the Hidalgo point of entry and he presented his passport to a Customs and Border Protection Officer. Mr. Olivares and his mother were sent to secondary inspection where they learned for the first time that his passport had been revoked and that there was a birth certificate filed in Mexico that predated Mr. Olivares' Texas birth certificate.

20. That same day, the DHS initiated removal proceedings against Mr. Olivares. The DHS charged that Mr. Olivares was not a United States citizen.

21. The initiation of removal proceedings barred Mr. Olivares from pursuing relief in a United States district court under 8 U.S.C. § 1503 to contest the denial of his citizenship rights.

22. Mr. Olivares remained in removal proceedings from May 9, 2015 to January 13, 2020 when an immigration judge ordered the termination of Mr. Olivares' removal proceedings. The DHS elected not to appeal the immigration judge's decision to terminate.

23. Mr. Olivares now bring this action and demands a jury trial on his constitutional claim. Mr. Olivares contends that Defendants unlawfully revoked his passport and denied him his rights and privileges as a United States national.

## **CAUSES OF ACTION**

### **1. 8 U.S.C. § 1503(a)**

24. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-23 above.

25. The Secretary of State is authorized to grant and issue passports, and cause passports to be verified. 22 U.S.C. §§ 211a and 211; 8 U.S.C. § 1504(a); 22 C.F.R. § 51, *et seq*.

26. The wrongful revocation of a U.S. passport may be challenged in a declaratory judgment action pursuant to 8 U.S.C. § 1503(a). Section 1503(a) protects any person denied a United States passport because the State Department wrongly determined that the person is not a national of the United States. That statute provides, among other things, that a person within the United States who is denied the rights and privileges of United States nationality upon the ground that he is not a United States national may bring an action under 28 U.S.C. § 2201 against the head of the agency or department who denied the right or privilege. A suit pursuant to 8 U.S.C. § 1503(a) is not a review of an administrative action but a *de novo* review of the status of the plaintiff as a United States national.

27. Defendants wrongfully denied Mr. Olivares the rights and privileges of a United States national and citizen, within the meaning of 8 U.S.C. § 1503(a), by virtue of Defendants' decision to revoke his United States passport on the ground that he is not a national of the United States.

### 2. 5 U.S.C. § 701 et seq. (ADMINISTRATIVE PROCEDURES ACT)

28. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-23 above.

29. The Secretary of State is authorized to grant and issue passports, and cause passports to be verified. 22 U.S.C. §§ 211a and 211; 8 U.S.C. § 1504(a); 22 C.F.R. § 51, *et seq*.

30. Defendants' decision to revoke Mr. Olivares' passport is a final agency decision.

31. Although Mr. Olivares was born in the United States, Defendants wrongfully concluded that he is not a United States citizen and revoked his United States passport. Defendants' decision is arbitrary, capricious, an abuse of discretion, not in accordance with law, and/or in excess of Defendants' statutory jurisdiction and authority.

### 3. FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION

32. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-23 above.

33. The Citizenship Clause of the Fourteenth Amendment to the U.S. Constitution provides that all persons born in the United States and subject to the jurisdiction of the country are United States citizens. The right to United States citizenship includes, among other things, the right to issuance of a United States passport that permits persons to travel internationally.

34. Although Mr. Olivares was born in the United States, Defendants wrongfully determined that he is not a United States citizen and revoked his United States passport. Such denial violates Mr. Espinoza's rights under the Citizenship Clause of the Fourteenth Amendment.

# **PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court:

    A.    Assume jurisdiction over this action;

    B.    Issue a declaratory judgment declaring Plaintiff Carlos Osbaldo Olivares, Jr. to be a United States citizen and national who is entitled to the rights and privileges of citizenship, including a United States passport;

    C.    Award Plaintiff his costs and attorney's fees in this action as provided for by the Equal Access to Justice Act, 28 U.S.C. § 2412, or other statute; and,

    D.    Grant such other and further relief to which Plaintiff may be justly entitled.

Date: May 11, 2020                                Respectfully submitted,

                                                      /s/ *Javier N. Maldonado*
                                                      Javier N. Maldonado
                                                      TX Bar No. 00794216

                                                      Javier N. Maldonado
                                                      Law Office of Javier N. Maldonado, P.C.
                                                      8620 N. New Braunfels Ave., Suite 605
                                                      San Antonio, Texas 78217
                                                      Telephone: (210) 277-1603
                                                      Facsimile: (210) 587-4001
                                                      Email: jmaldonado.law@gmail.com

                                                      **ATTORNEY FOR PLAINTIFF**